Boyd, Mosby & Co. *v.* Sallie M. Hunt *et al.*

Taxes. *Reassessment.* Where taxes have been declared void by reason of the illegality of the act authorizing them, they may be reassessed under act of 1873, chapter 40.

FROM TIPTON.

Appeal from the Chancery Court at Covington. H. J. Livingston, Ch.

Lauderdale, Young & Blackwell and D. H. Poston for complainants.

Sanford and Simonton for defendants.

Deaderick, C. J., delivered the opinion of the court.

In this case the land of defendant, Sallie M. Hunt, was sold for the payment of debts, and purchased by

another. A reference was made by the chancellor who rendered the decree, directing the master to ascertain if the land was liable for unpaid taxes. The master reported certain taxes due, amounting to $581.78, to State and county, but says he is inclined to think those of 1871 and 1872, included therein, are not a lien, upon the ground that Mrs. Sallie M. Hunt, then owner of the lands, united with Wallace and others in a bill against the county of Tipton, to enjoin the railroad taxes of those years amounting to $175, and that injunction, upon appeal, was made perpetual by the decree of the Supreme Court. In the meantime, Tipton county, by petition, was allowed to become a co-complainant in the cause for the purpose of maintaining the validity of the railroad taxes for those years.

This petition alleges that the county made a valid subscription of $200,000 to the stock of the Mississippi River Railroad Company, and directed a levy of taxes to meet the same. The bonds were issued by the county and delivered to the Railroad Company in July, 1869. It also charges that the said Sallie M. Hunt and others filed their bill enjoining the tax-collectors and county court from proceeding to collect taxes to pay said bonds, upon the ground that they were illegally issued, etc.

The county court and justices thereof, the tax-collectors, Hall and Walker, and the Railroad Company, were made defendants to this bill. The bondholders were not made parties. The Railroad Company disclaimed interest in the suit—having parted with the bonds, and the suit was dismissed as to it. Hall and

Walker, tax-collectors, answered, admitting they were tax-collectors, etc., and a judgment *pro confesso* was taken against the county.

Upon the hearing of the cause, which was entitled, R. H. Wallace and others against the County Court of Tipton county and others, this court decreed that the injunction granted restraining the county court of Tipton county, and defendants Hall and Walker, from collecting said railroad taxes, should be made perpetual.

By proceedings in the Federal Court by the bond-holders, the county court was required to levy a tax to pay said bonds. The petition of the county of Tipton states also that the complainants in the suit of Wallace against the County of Tipton, refuse to pay the taxes assessed in 1869, 1871 and 1873, though other tax-payers were doing so or had paid them.

The petition avers that the decree of this court was void in said case of Wallace against Tipton county, because the bondholders who had had themselves made parties to it, afterwards had the same as to them, removed to the Federal Court, thus transfering to that court the whole cause, and the subsequent decrees of the chancery and this court were void for want of necessary parties, and for want of jurisdiction, the bond-holders who were alone interested in the tax enjoined, not being before the court.

The petition shows that under the act of 1873, chapter 40, the county court had reassessed said taxes for 1869, 1871 and 1872, and prays to have said taxes retained out of proceeds of sales, etc. The proceedings of the county court are exhibited with the peti-

Boyd, Mosby & Co. v. Hunt.

tion. Sallie M. Hunt and others, against whom the petition is filed, plead *res adjudicata* in various forms.

The question is presented whether the decree for the Wallace case perpetually enjoining the collection of said taxes, is a protection against being required in another proceeding by the county, to pay them, and the further question is presented whether the then reassessment for those years is authorized by the act of 1873?

The adjudication in the Wallace case was that the acts of 1867 and 1869 were unconstitutional, and that the bonds were illegally issued, and the taxes for their payment illegally assessed, and their collection was perpetually enjoined. This decree was rendered in a case between the county and Mrs. Hunt and other taxpayers, the bondholders being no parties thereto, and their rights being reserved in the decree.

Now, in this case between the county and Mrs. Hunt, the county seeks to have said taxes, either in virtue of the original assessment and levy, or by force of the new assessment under the act of 1873.

Assuming that the plea of *res adjudicata* could be successfully pleaded in this case, yet we are of opinion that the act of 1873 authorizes the reassessment made, and imposes on the land the liability for the tax thus reassessed. The acts of 1867 and 1869 were declared in the Wallace case inoperative and void, and it was under these acts the taxes were imposed. The taxes were declared void by reason of the illegality of the acts authorizing them, and in such case the act of 1873 authorizes a reassessment, and this has been regularly done by the county court.

It results that the taxes claimed were properly re-assessed and are collectable, and the chancellor's decree will be reversed, and the taxes due will be paid out of the fund in the chancery court, and to this end the cause will be remanded for further orders and decrees. The costs of this court will also be paid out of said fund, and the costs below as may be adjudged by the chancellor.